DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE, INC.,      :

             *Plaintiff,*      :

   - against -      :

M/V FEI HE, M/V COSCO KIKU, SEA TRADE   :
INTERNATIONAL, INC., and COSCO
CONTAINER LINES CO., LTD.      :

             *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 CIV. 7605

**ECF Case**
**07 Civ.**

**COMPLAINT**

JUDGE PAULEY

Plaintiff, Sompo Japan Insurance, Inc. (hereinafter "Sompo" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1.    All and singular the following premises are true and constitute claims arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a), and under 28 U.S.C. § 1333, and arising under Rule 9(h) within the admiralty and maritime jurisdiction of this Honorable Court.

2.    Venue is proper here within the applicable maritime legal precedents and/or within the meaning of 28 U.S.C. § 1391(b). The Defendants M/V Fei He, M/V Cosco Kiku, Sea Trade International, Inc., and COSCO Container Lines Co., Ltd., (hereinafter the "Defendants") have their affiliated U.S. offices in this District, or in the

New York Metropolitan area, and they do business in and reside in the Port of New York and in this District. The Vessels are expected to call in this District.

3. At all times material hereto, Plaintiff was and is a corporation organized and existing under and by virtue of the laws of Japan and the insurer of the shipment which is the subject matter of this action.

4. Each of the Defendants is a vessel or a corporation or other entity organized and existing under and by virtue of the laws of foreign countries. At all times material hereto each of the Defendants was and now is engaged in business as a common carrier of merchandise by water for hire, and/or either owned, chartered, managed, constituted or otherwise controlled or issued bills of lading concerning the Vessels as general vessels engaged in the common carriage of merchandise to be carried by water for hire between, among others, ports in the United States and foreign countries.

5. On or about October 28, 2006, at the port of Boston, Massachusetts, there was delivered to the Defendants and the vessel M/V Fei He, a shipment of frozen scallops, then being in good order and condition (the "Shipment"), and the Defendants, as well as the said Vessels, then and there accepted the Shipment so shipped and delivered to them. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, the Defendants further agreed to transport and carry said Shipment to the port of Tokyo, Japan, and thereafter deliver the Shipment in like good order and condition to Plaintiff's assured or its designee. The Shipment was described in certain bills of lading issued and numbered BOSTOK028024 dated on or about October 28, 2006, and COSU89901360 dated on or about October 30, 2006 and/or other documents also constituting portions of the contract of carriage.

6. The vessel M/V Fei He transshipped the Shipment onto the Vessel M/V Cosco Kiku at Shanghai, China.

7. Thereafter the said Vessel M/V Cosco Kiku arrived at the port of destination, and thereafter the Defendants made delivery of the said Shipment but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, damaged and seriously injured and impaired in value, all in violation of Defendants' and the Vessels' obligations and duties as common carriers of merchandise by water for hire.

8. Plaintiff insured the Shipment. Plaintiff brings this action on its own behalf and as agent, trustee, assignee and/or subrogee, on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said Shipment, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

9. Plaintiff and its assured have performed all conditions on their parts to be performed.

10. By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $130,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER COGSA, 46 U.S.C. §1300 ET. SEQ. AND/OR APPLICABLE TREATIES

(Against All Defendants)

11. Plaintiff incorporates herein by reference the allegations of paragraphs 1-10 above.

12. By reason of the foregoing, Defendants were common carriers of merchandise by water for hire within the meaning of the Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et. seq., and/or applicable treaties for the carriage of goods by sea and breached their duties as carriers under that Act and under the contract of carriage entered into by the Defendants pursuant to that Act and/or treaties.

13. By reason of the foregoing, the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $130,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

### (Against All Defendants)

14. Plaintiff incorporates herein by reference the allegations of paragraphs 1-13 above.

15. The Defendants were acting as bailees of the Shipment at the times it was damaged. The Defendants were thereby, or through their contractors, agents, servants or sub-bailees, bailees who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to them.

16.  By reason of the foregoing, each of the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $130,000.00.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

**(Against all Defendants)**

17.  Plaintiff incorporates herein by reference the allegations of paragraphs 1-16 above.

18.  Each of the Defendants, by their negligence, damaged the Shipment. Each of them therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to them.

19.  By reason of the foregoing, each of the Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $130,000.00.

WHEREOF, Plaintiff prays:

1.  That process in due form of law may issue against each of the Defendants citing them to appear and answer all and singular the matters aforesaid;

2.  That if said Defendants cannot be found within this District, then all their property within this District be attached in a sum estimated to be or exceed U.S. $130,000.00, with interest thereon and costs, the sum sued for in this Complaint;

3.  That the said Vessels be arrested and sold to satisfy said maritime liens against the Vessels.

4. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

5. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
August 27, 2007

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Tel: (914) 921-1200

*Attorneys for Plaintiff Sompo Japan Insurance Inc.*

F:\WP-DOCS\1501.19\082407 Complaint.doc