9018/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Sea Trade International, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOMPO JAPAN INSURANCE, INC.,<br><br>Plaintiff,<br><br>- against –<br><br>M/V FEI HE, M/V COSCO KIKU, SEA TRADE INTERNATIONAL, INC., AND COSCO CONTAINER LINES CO., LTD.<br><br>Defendants. | ECF Case<br><br>07 Civ. 7605<br><br>**SEA TRADE INTERNATIONAL, INC'S ANSWER TO THE COMPLAINT WITH CROSS-CLAIMS** |

Defendant Sea Trade International, Inc., (hereinafter referred to as "Sea Trade"), by its

attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor LLP, for its answer to the complaint

alleges on information and belief as follows:

1.     Admits the claim arises under an Act of Congress regulating commerce within the

meaning of 28 U.S.C. § 1337(a), and under 28 U.S.C. § 1333, and arising under Rule 9(h) within

the admiralty and maritime jurisdiction of this Honorable Court and except where specifically

admitted denies each and every allegation contained in paragraph 1 of plaintiffs complaint.

2.     Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 2 of plaintiff's complaint and Sea Trade is not required to respond to

allegations directed to other parties; to the extent that any allegation or assertion directed at other

parties are constructed to place liability of Sea Trade; those allegations and assertions are specifically denied.

3.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of plaintiff's complaint.

4.    Admits that at all times material hereto Sea Trade was and now is engaged in business as a common carrier of merchandise by water for hire, and issued a bill of lading and except were specifically admitted denies each and every allegation contained in paragraph 4 of plaintiffs complaint. Further, Sea Trade is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at Sea Trade, said allegations are specifically denied.

5.    Admits, on or about October 28, 2006, at the port of Boston, Massachusetts, there was delivered to the vessel M/V FEI HE, a sealed refrigerated container and the vessel accepted the sealed container so shipped. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, the vessel further agreed to transport and carry said shipment to the port of Tokyo, Japan. The shipment was described in bill of lading issued and numbered BOSTOK028024 dated on or about November 01, 2006, and allegedly COSU89901360 dated on or about October 30, 2006, and except were specifically admitted denies each and every allegation container in paragraph 5 of plaintiff's complaint.

6.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiff's complaint

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 that said vessel M/V COSCO KIKU arrived at the port of destination, and denies all other allegations contained in paragraph 7 of plaintiff's complaint. Further Sea

Trade is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at Sea Trade, said allegations are specifically denied.

8.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of plaintiff's complaint.

9.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of plaintiff's complaint.

10.   Denies each and every allegation contained in paragraph 10 of plaintiff's complaint.

## IN RESPONSE TO THE FIRST CAUSE OF ACTION

## BREACH OF CONTRACT AND OF DUTIES UNDER COGSA, 46 U.S.C. § 1300 ET. SEQ. AND/OR APPLICABLE TREATIES

### (Against All Defendants)

11.   Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 10 inclusive of this answer, with the same force and effect as if herein set forth at length.

12.   Admits, by reason of the foregoing, Sea Trade is common carrier of merchandise by water for hire within the meaning of the Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et. seq., and/or applicable treaties for the carriage of goods by sea and except where specifically admitted denied each and every allegation contained in paragraph 12 of plaintiffs complaint.

13.   Denies each and every allegation contained in paragraph 13 of plaintiff's complaint.

## IN RESPONSE TO THE SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

#### (Against All Defendants)

14. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 13 inclusive of this answer, with the same force and effect as if herein set forth at length.

15. Denies each and every allegation contained in paragraph 15 of plaintiff's complaint. Further, Sea Trade is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at Sea Trade, said allegations are specifically denied.

16. Denies each and every allegation contained in paragraph 16 of plaintiff's complaint.

## IN RESPONSE TO THE THIRD CAUSE OF ACTION

### NEGLIGENCE

#### (Against All Defendants)

17. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 16 inclusive of this answer, with the same force and effect as if herein set forth at length.

18. Denies each and every allegation contained in paragraph 18 of plaintiff's complaint. Further, Sea Trade is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at Sea Trade, said allegations are specifically denied.

19. Denies each and every allegation contained in paragraph 19 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

20. That the said shipment as described in plaintiff's complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

Any shortage, loss and/or damage to the shipment in suit which defendant specifically denies was due to cause for which the defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading, and/or the General Maritime Law and/or applicable foreign law.

### SECOND AFFIRMTIVE DEFENSE

21. Due diligence was exercised on the part of Sea Trade to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### THIRD AFFIRMATIVE DEFENSE

22. That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the ship owner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304 (2)(o) and (n), and by the terms of the contract of carriage.

## FOURTH AFFIRMATIVE DEFENSE

23. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which the ship owner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304 (2)(m), and by the terms of the contract of carriage.

## FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff has failed to properly and fully mitigate its damages in its complaint.

## SIXTH AFFIRMATIVE DEFENSE

25. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the ship owner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304 (2)(i), and by the terms of the contract of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

26. That the venue of this matter is improperly places in this district.

## EIGHTH AFFIRMATIVE DEFENSE

27. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

## NINTH AFFIRMATIVE DEFENSE

28. That if plaintiffs cargo suffered any loss or damage, which defendant Sea Trade International denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the

carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304 (2)(Q).

### TENTH AFFIRMATIVE DEFENSE

29. This case should be dismissed pursuant to the terms and conditions of its bill of lading that required all action to be filed to the court, whether the State of California, the state or federal courts in Los Angeles California.

### AS AND FOR THEIR CROSS-CLAIM AGAINST DEFENDANTS COSCO CONTAINER LINES CO., LTD. (A) DEFENDANT SEA TRADE INTERNATIONAL, INC. ALLEGES AS FOLLOWS:

30. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 29 inclusive of this answer, with the same force and effect as if herein set forth at length.

31. If there was any loss or damage to the shipment referred to in the complaint, which is denied, and said loss or damage cause any liability to defendant Sea Trade International, Inc., then the said liability was brought about by defendant Cosco Container Lines Co. Ltd. negligence and/or breach contract and/or breach of warranties, implied or expresses, and by reason thereof, defendant Sea Trade International, Inc., is entitled to full indemnity and/or contribution from defendant Cosco Container Lines Co. Ltd., for its loss and damage including reasonable counsel fees and expenses.

WHEREFORE, defendant Sea Trade International, Inc., prays that the complaint against it be dismissed and its cross-claim be granted, and that the court may grant any such other or further relief as may be just and proper.

Dated: New York, New York
September 14, 2007

Respectfully submitted,

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP


By: / s / Stephen H. Vengrow
        Stephen H. Vengrow (SHV/3479)
Attorneys for Defendant Sea Trade International, Inc.
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042


TO:    Maloof Browne & Eagan LLC
       411 Theodore Fremd Avenue, Suite 190
       Rye, New York 10580
       Attorneys for Plaintiff

**CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL**

The undersigned declares under penalty of perjury that the following is true and correct:

1.    I am over the age of eighteen years and I am not a party to this action.

2.    On September 14, 2007, I served a complete copy of Defendant Sea Trade International,

Inc.'s **Answer to the Complaint with Cross-claims** by ECF to the following attorney at his

ECF registered address and by regular U.S. mail at the following address:

> Maloof Browne & Eagan LLC
> 411 Theodore Fremd Avenue, Suite 190
> Rye, New York 10580
> Attorneys for Plaintiff

> _/ s / Patrick Michael DeCharles, II_
> Patrick Michael DeCharles, II (PMD/9984)