440-07/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for COSCO CONTAINER LINES, CO. LTD.
80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
SOMPO JAPAN INSURANCE, INC.,

                Plaintiff,

   -  against –

M/V FEI HE, M/V KIKU, SEATRADE
INTERNATIONAL INC., and COSCO CONTAINER
LINES, CO. LTD.,

                Defendants.
-------------------------------------------------------------

ECF Case

07 CV 7605 (WHP)

**ANSWER TO AMENDED
COMPLAINT**

      Defendant, COSCO CONTAINER LINES, CO., LTD. (hereinafter "COSCO"), by its attorneys Freehill Hogan & Mahar, LLP, answering the Complaint of the Plaintiff herein, alleges upon information and belief, as follows:

      1.    Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h), but except as so admitted, denies the remaining allegations contained in Paragraph 1 of the Complaint.

      2.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Complaint.

      3.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3 of the Complaint.

NYDOCS1/291544.1

4. Admits that Defendant COSCO is a corporation or other entity organized and existing under and by virtue of the law, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 4 of the Complaint.

5. Admits that on or about October 28, 2006, the vessel FEI HE received a container on board at Boston, Massachusetts allegedly containing frozen scallops, which was transported to Tokyo, Japan, pursuant to the terms of the relevant ocean bills of lading, but as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 5 of the Complaint.

6. Admits that the container referred to in Paragraph 5 was transshipped onto the vessel COSCO KIKU at Shanghai, China, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 6 of the Complaint.

7. Admits that the vessel COSCO KIKU arrived at the port of destination and that the aforementioned container was delivered, but except as so admitted, denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 9 of the Complaint.

10. Admits demand and non-payment, but except as so admitted, denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant COSCO incorporates herein by reference the admissions and denials set forth in Paragraphs 1 through 10 above, as if set forth herein at length, in response to Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant COSCO incorporates herein by reference the admissions and denials set forth in Paragraphs 1 through 13 above, as if set forth herein at length, in response to Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant COSCO incorporates herein by reference the admissions and denials set forth in Paragraphs 1 through 16 above, as if set forth herein at length, in response to Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

### **FIRST DEFENSE**

20. The Complaint fails to state a claim against Defendant COSCO upon which relief may be granted.

## SECOND DEFENSE

21. Under the terms and conditions of certain contracts of carriage, which govern the rights and liabilities of the parties herein, the Defendant COSCO is not liable.

## THIRD DEFENSE

22. Any liability of the Defendant COSCO, which is denied, is limited in an amount by the terms of the contracts of carriage and the United States Carriage of Goods by Sea Act ('COGSA"), 46 U.S.C. §1300 *et seq.*

## FOURTH DEFENSE

23. If any loss and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by the Defendant COSCO, and such damage was not sustained by the shipment while in the care, custody or control of the Defendant COSCO.

## FIFTH DEFENSE

24. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others over whom Defendant COSCO has no control and for whom it has no liability.

## SIXTH DEFENSE

25. The shipment referred to in the Complaint was allegedly received, loaded and carried pursuant to the terms of certain bills of lading. Under the terms of said contracts, the Defendant COSCO is not liable or its liability is limited.

## SEVENTH DEFENSE

26. If any loss or damage to the goods, as alleged in the Complaint occurred, such loss or damage arose or resulted from excepted causes under COGSA or the act or neglect of third-parties over whom the Defendant COSCO has no control and for whom it has no liability.

## EIGHTH DEFENSE

27. The Complaint should be dismissed pursuant to a foreign forum selection clause agreed to in the bill of lading contract of carriage. Clause 26 of the bill of lading provides:

> 26 LAW AND JURISDICTION
>
> (1) This bill of lading is governed by the laws of the Peoples Republic of China. All disputes arising under or in connection with this Bill of Lading shall be determined by the laws of the Peoples Republic of China and any action against the carrier shall be brought before the Shanghai Maritime Court or other Maritime Court in the Peoples Republic of China, as the case may be.

## NINETH DEFENSE

28. In the event that the Plaintiff can prove damages, Defendant COSCO maintains that the Plaintiff failed to mitigate these damages.

**WHEREFORE**, Defendant COSCO demands judgment dismissing the Plaintiff's Complaint, with prejudice, together with the costs, disbursements and reasonable attorney fees and for such other and different relief as this Court may deem just and proper under the premises.

Dated:   New York, New York
         October 10, 2007

>                    FREEHILL, HOGAN & MAHAR LLP
>                    Attorneys for Defendant COSCO
>                    CONTAINER LINES, CO. LTD
>
>              By:   _____
>                    James L. Ross (JR6411)
>                    80 Pine Street
>                    New York, New York
>                    212-425-1900

TO:   Maloof Browne & Eagan, LLC
      Attorneys for Plaintiff Sompo Japan Insurance, Inc.
      411 Theodore Fremd Avenue
      Suite 190
      Rye, New York 10580
      Attention:  David T. Maloof, Esq. and Thomas M. Eagan, Esq.

      Cichanowicz Callan Keane Vengrow & Textor
      Attorneys for Defendant SeaTrade International, Inc.
      61 Broadway
      Suite 3000
      New York, New York 10006
      Attention:  Stephen H. Vengrow, Esq.